### J. W. DILLINGHAM *v.* SAMUEL SPALDING.

[Abstract Kentucky Law Reporter, Vol. 7—370.]

**Guardian Appears for Wards.**

In a petition to sell the wards' real estate by a guardian for the purpose of making other investments under Rev. Stat. 1860, ch. 86, the wards are not necessary parties. Such petition is to be brought by the guardian who appears for them, and where the statute is complied with the purchaser at such a sale can not be disturbed at the suit of the wards when they become of age because of the fact that the new investment made by their guardian proved disastrous.

APPEAL FROM MARION CIRCUIT COURT.

November 3, 1885.

OPINION BY JUDGE LEWIS:

In 1867, Richard L. Dillingham for himself and as guardian of his two infant sons, James W. and John R. Dillingham, filed a petition ex parte for the sale and investment of the proceeds of a tract of land of about fifty-four acres, a life estate which he owned, the interest in remainder being in the two infants by inheritance from their deceased mother.

The action was brought under Rev. Stat. 1860, ch. 86, then in force, and all the conditions and requirements thereof appear to have been substantially complied with. Three commissioners were appointed and reported as to the net value of the estate of the infants, the annual profits thereof, and that their interests required a sale, and when sold the property brought its full value and the proceeds of the sale were paid over to a receiver of the court. Moreover, the bond required by Art. 3, § 2, subsec. 3, was duly executed by the guardian with surety approved by the court.

It appears that after the sale an amended petition was filed asking that the proceeds be invested in a certain tract of land purchased by the guardian, and the court in pursuance thereof directed the receiver to so apply the money in his hands, which was done. But it now appears that there was an incumbrance on that tract of land by reason of which the infants lost a part or all of it.

This action was brought by them in 1884, after becoming of full age, against the purchaser, Spalding, to recover the fifty-four acre tract sold under the judgment in 1867. There is no allegation that the sale was not a fair and open one, or that Spalding is in any way responsible for the subsequent unfortunate investment of the purchase-money by order of court in the other tract of land. The only ground relied on by the plaintiffs in this action for recovery is that they were not parties to the action for the sale of the fifty-four acres in 1867.

Revised Statutes 1860, ch. 86, art. 3, § 1, subsec. 2, is as follows: "The petition must be filed by the statutory guardian and allege his belief that the sale will redound to the benefit of the infant, idiot, or lunatic, and must be verified by his affidavit." And subsec. 5 is as

follows: "All the persons interested in the land and the statutory guardian of the infants, if any, who are not petitioners, must be made parties." Subsection 2 only does not require the infants to be joined with their guardian as party plaintiffs, but the language used plainly indicates they were not deemed necessary parties plaintiffs; and this court has expressly held that while infants, being plaintiffs with their guardian, did not vitiate the proceedings, they were not necessary parties under Rev. Stat. 1860, ch. 86.

Nor do we think that under subsec. 5 infants were required to be made defendants to the petition of their own guardian, for the allegation verified by his affidavit, required to be made by the guardian, of his belief that the sale would redound to the benefit of his ward, and the additional requirement of a report from commissioners and the bond from the guardian, seems to then have been considered by the legislature as sufficient security against improvident and unnecessary sales of real estate of infants, and hence the statute did not in terms provide, as is now done by the civil code, that in such cases infants should be either plaintiffs or defendants.

In our opinion the lower court did not err in dismissing the petition and the judgment is *affirmed*.

*Harrison & Belden, for appellant.*

*Hill & Rives, for appellee.*